# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Lily Cassandra Alphonsis, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-cv-154 |
| | ) | |
| United States of America, and US | ) | **REPORT AND RECOMMENDATION** |
| Department of Homeland Security - US | ) | |
| Border Patrol, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Lily Cassandra Alphonsis ("Alphonsis") filed a motion for leave to proceed *in forma pauperis* (Doc. #3) and a petition for habeas relief pursuant to 28 U.S.C. § 2241, seeking her exoneration and release from pretrial detention (Doc. #4).

Alphonsis was originally charged in this district on a complaint, and an order for pretrial detention was entered on August 4, 2014. United States v. Aiphonsis-Majdoub, D.N.D. Case No. 4:14-cr-143, Doc. #16. In a Superseding Indictment, filed September 4, 2014, Alphonsis was charged with making false statements in an immigration matter, making a false claim of citizenship, misuse of a passport, and possession of counterfeit immigration documents. Id. at Doc. #21. On February 18, 2015, the United States moved to dismiss the Superseding Indictment, the court granted the government's motion, and Alphonsis was released from this court's custody. Id. at Doc. #48. Since Alphonsis is no longer in custody because of criminal charges in this district, she does not have standing to seek habeas relief, and her requests for release and exoneration are moot.

Article III of the Constitution limits the jurisdiction of federal courts to actual cases or controversies. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). "A central component of the 'case or controversy' requirement is standing." Hammer v. Sam's East, Inc., 754 F.3d 492,

497 (8th Cir. 2014) (quoting Lance v. Sam's East, Inc., 549 U.S. 437, 439 (2007)). To establish standing, the plaintiff must have suffered an injury that is "likely [to] be redressed by a favorable decision." Branden v. Wal-Mart Stores, Inc., 588 F.3d 585, 591 (8th Cir. 2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Since the charges against Alphonsis have been dismissed and she is no longer in custody in this district, granting her habeas relief would not redress any alleged injury. Therefore, she does not have standing to seek habeas relief.

Additionally, Alphonsis's requests for release and exoneration are moot. A narrow exception to the mootness doctrine exists for claims that are "capable of repetition, yet evade[] review." Lyons, 461 U.S. at 109. That exception "applies only in exceptional circumstances, and generally only where the named plaintiff can make a showing that he will again be subjected to the alleged illegality." Id. at 109 (citation omitted). "A speculative possibility is not a basis for retaining jurisdiction over a moot case." McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1038 (8th Cir. 2004) (citation omitted). There is no reason to believe that Alphonsis will be subject to alleged illegal pretrial detention in this district again. This case does not fall within the narrow exception to the mootness doctrine.

Alphonsis also asks this court to reinstate her citizenship, to reinstate her identity, to reinstate her passport, and to order the defendants to correct various documents she alleges were forged. (Doc. #4, p. 26). If Alphonsis' passport was revoked and/or she was denaturalized, according to Alphonsis, it occurred in California prior to the criminal charges being instituted in this district. This court does not have jurisdiction to review any California district court's order revoking Alphonsis' citizenship, if any such order exists. Nor does this court have the power to issue passports, or to declare a person a citizen of the United States within the context of the

2

instant habeas action. See 28 U.S.C. § 211a ("The Secretary of State may grant and issue passports . . . and no other person shall grant, issue, or verify such passports."); 8 U.S.C. § 1503(a) (describing when a person can file an action against an agency head after the agency denied a right or privilege as a national of the United States, and noting that the action must be filed in the district where the person resides).

Since Alphonsis does not have standing to seek habeas relief, this court is without jurisdiction. Therefore, her pending application to proceed *in forma pauperis* should be denied as moot.

It is **RECOMMENDED** that Alphonsis' motion for leave to proceed *in forma pauperis* (Doc. #3) be **DENIED**, and that her petition for habeas relief be **DISMISSED** without prejudice. Based upon the entire record before the court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. It is **RECOMMENDED** that a certificate of appealability not be issued by this court. See Tiedemann v. Benson, 122 F.3d 518, 252 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under Section 2253(c)). It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

Dated this 3rd day of April, 2015.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), petitioner may object to this Report and Recommendation and by filing with the Clerk of Court no later than April 20, 2015, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.